IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN JEROME JONES, <br> TDCJ No. 1169005, | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| V. | § <br> § | No. 3:20-cv-3645-B-BN |
| DIRECTOR, TDCJ-CID, | § <br> § <br> § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Kevin Jerome Jones is a Texas prisoner, convicted and sentenced by a state court in this district. *See Jones v. Davis*, Nos. 4:18-cv-641-P & 4:18-cv-953-P, 2019 WL 430101, at *1 (N.D. Tex. Sept. 11, 2019) ("Petitioner is confined in TDCJ pursuant to his 2003 conviction in McLennan County, Texas for burglary of a habitation and 20-year sentence and his 2017 conviction in Tarrant County, Texas for robbery causing bodily injury and 5-year sentence." (citations omitted)).

He has submitted a *pro se* filing that has been construed as an application for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 2. And, while the construed petition presents no clear ground for habeas relief, it does seem to reference Jones's many past filings in this district and elsewhere, some of which were made under Section 2254. *See id.* at 1.

United States District Judge Jane J. Boyle has referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these

findings of fact, conclusions of law, and recommendation that, because Jones's construed Section 2254 petition is unauthorized as successive, and considering his numerous past challenges to these convictions, the Court should dismiss the application without prejudice to Jones's right to seek authorization from the United States Court of Appeals for the Fifth Circuit to file a successive habeas application.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

To the extent that, through this action, Jones attacks his Tarrant County conviction, he has already exercised his "one fair opportunity to seek federal habeas relief from [that] conviction," *Banister*, 140 S. Ct. at 1702, *see generally Jones v. Davis*,

2019 WL 430101, and his current claims would allege defects in that conviction that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to Jones when he filed an initial Section 2254 application. *Leal Garcia*, 573 F.3d at 222.[1] Jones would therefore be attempting to present claims that are successive. And his failure to first obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) would deprive this Court of jurisdiction to consider the current habeas application. *See, e.g.*, *Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

The Court could cure this want of jurisdiction by transferring this construed application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631. But, given Jones's confusing filing and his established history of frivolous filings, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003).

---

[1] *See also In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (per curiam) ("So even though Will did not know of the State's alleged *Brady* violation at the time he filed his first habeas petition, it is still subject to AEDPA's statutory requirements for filing a successive petition." (citation omitted)); *Leal Garcia*, 573 F.3d at 221 ("[P]etitioners filing later habeas petitions [may not] assert that, because the evidence was not previously discovered or discoverable, the claim was unavailable; therefore, the later petition is non-successive. … AEDPA forbids such a reading: Section 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive.").

## Recommendation

The Court should dismiss Petitioner Kevin Jerome Jones's construed *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254 without prejudice to his right to file, under 28 U.S.C. § 2244(b)(3), a motion for authorization to file a successive application in the United States Court of Appeals for the Fifth Circuit.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 18, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE